# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 5393 | **DATE** | 5/11/2012 |
| **CASE TITLE** | PNC Bank, N.A. vs. Chicago Title Land Trust Co., et al. | | |

**DOCKET ENTRY TEXT**

For the following reasons, the Court **grants** summary judgment in favor of Plaintiff on the issue of foreclosure and sale of the property in question, as well as the appointment of the Judicial Sales Corporation as Special Commissioner to conduct a sale of the property. Additionally, the Court accepts the supplemental affidavit of Ms. Brennan filed with Plaintiff's reply. On the issue of amounts due from Defendants, the motion is **continued** for one week to allow Defendants the opportunity to file a sur-reply to Plaintiffs' supplemental affidavit and reply. Defendants have seven days from entry of this order to so file.

■[ For further details see text below.]    Notices mailed by Judicial staff.

# STATEMENT

Before the Court is Plaintiff's motion for summary judgment in this mortgage foreclosure action. For the following reasons, the motion is granted in part and continued in part.

## I. INTRODUCTION

Daniel Sledz signed a promissory note for a $1,680,555.49 loan from National City Bank ("National City") on September 1, 2008. As security, he pledged his home in Aurora, Illinois. (The pledge was made by Defendant Chicago Title Land Trust Company ("Chicago Title"), which succeeded Cole Taylor Bank as trustee of the land trust holding the property. Sledz is the beneficiary of this trust.) By his own admission, Sledz has defaulted on this agreement. PNC Bank, N.A. ("PNC"), the successor to National City, seeks an order of judgment of foreclosure and sale and the appointment of a special commissioner to conduct the sale.

Defendants raised an affirmative defense contending PNC "lacks standing to foreclose the alleged Mortgage." Defs.' Answer, 9. In their response to summary judgment, the Defendants also take issue with Plaintiff's calculation of the amount remaining due under the agreement.

## II. LEGAL STANDARD

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The burden of showing the needlessness of a trial is on the movant, but the Court must consider the evidence and all reasonable inferences in the light most favorable to the nonmoving party. *Poulos v. Vill. Of Pleasant Prairie*, 10-C-394, 2012 U.S. Dist. LEXIS 37412, at *3 (E.D. Wis. March 20, 2012) (citing *Matsushita Elec. Indus. Co., Ltd. V. Zenith Radio Corp., Ltd.*, 475 U.S. 574, 587 (1986). However, where the nonmovant is the party with the ultimate burden of proof at trial, that party retains its burden of producing evidence that would

| STATEMENT |
|---|

support a reasonable jury verdict. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). Accordingly, where affirmative defenses are concerned, the burden is on a defendant to establish the absence of material disputes concerning that defense. *Gruenberg v. Schneiter*, No. 11-3323, 2012 U.S. App. LEXIS 6310, at *9 (7th Cir. March 28, 2012); *see also Costello v. Grundon*, 651 F.3d 614, 630 (7th Cir. 2011). On summary judgment, a party may object that a fact is not supported by admissible evidence (Fed. R. Civ. P. 56(c)(2)), such as when an affidavit does not demonstrate that it is based on personal knowledge. Fed. R. Civ. P. 56(c)(4); *see also Meyer Intellectual Props. Ltd. v. Bodum, Inc.*, 597 F.Supp. 2d 790, 796-798 (N.D. Ill. 2009). The personal knowledge requirement is not met automatically by virtue of the affiant being a corporate officer. *Meyer*, 597 F.Supp. 2d at 796. Where a fact is not sufficiently supported in a summary judgment motion, the Court may give an opportunity to properly support or address the fact or issue "any other appropriate order". Fed. R. Civ. P. 56(e). However, in some instances, where a party raises an issue or fact for the first time in a reply, there can be a fundamental issue of fairness if the Court relies on that information in deciding summary judgment without giving the other party an opportunity to respond. *Costello*, 651 F.3d at 635-637 (noting there is no requirement "that a party file a sur-reply to address an argument believed to be improperly addressed").

### III. RELEVANT FACTS AND ANALYSIS

#### A. Foreclosure

Although Defendants raised an affirmative defense in their answer that PNC lacks standing to foreclose, they have not put forth any facts in their response to summary judgment supporting that defense and appear to have abandoned that argument. Certainly, Defendants have not put forth any material facts disputing that PNC is the successor to the original noteholder, nor do they dispute they are in default.

Moreover, Plaintiffs' statement of material facts ("SOMF") notes that "on or about September 3, 2003 Cole Taylor Bank n/k/a Chicago Title Land Trust Company executed a Mortgage in favor of Plaintiff (the "Mortgage"). The Mortgage pledged the property commonly known as 2175 East New York Street, Auroroa, Illinois 60504 (the "Property")." Pl.'s SOMF 3. The mortgage document is referenced in support of this fact. In their response, Defendants disagree, but cite only their answer in support of this contention. This is insufficient. "It is the responsibility of the party opposing the motion for summary judgment to set forth specific facts demonstrating that there is a genuine issue for trial. The nonmovant who bears the burden of proof on an issue *may not merely stand on his pleadings* but must allege specific facts which demonstrate that a genuine material issue of triable fact exists." *Bank Leumi Le-Israel, B.M. v. Lee*, 928 F.2d 232, 236 (7th Cir. 1991) (affirming grant of summary judgment to plaintiff creditor when defendant did not raise affirmative defense in summary judgment response) (emphasis added; internal citations omitted). *See also Juarez v. John Deere & Co.*, 07-CV-4005, 2010 U.S. Dist. LEXIS 11748, at *11 (C.D. Ill. Feb. 10, 2010) ("[I]t is black letter law that [a party] may not stand on the pleadings in response to a Motion for Summary Judgment: he must provide evidence from which a reasonable jury could find in his favor."). Accordingly, because Defendants cite no facts or evidence discrediting the mortgage document or that it was executed in favor of Plaintiff, this fact is deemed admitted. Defendants also admit Sledz is in default on the promissory note.

For those reasons, summary judgment on the issue of foreclosure is appropriate, and the Court **grants** summary judgment for Plaintiff on the issue of foreclosure and the appointment of the Judicial Sales Corporation as Special Commissioner to conduct a sale of the property.

| STATEMENT |
|---|

### B. Amount Due

      However, Defendants took issue with the Plaintiff's affidavit of Jacalyn D. Brennan, contending it did not adequately establish that, in addition to being an officer of PNC, she was also an officer of National City and had personal knowledge of the loan, the payments made upon it, and the conditions of the loan. That affidavit was relevant to the issue of the exact amount due from Defendants. In their reply, Plaintiff attached a new supplemental affidavit of proof by Ms. Brennan that Plaintiff apparently believes addresses Defendants' objections.

      The Court, under Federal Rule of Civil Procedure 56(e) allows the submission of this supplemental affidavit. However, mindful of *Costello*, the Court offers Defendants an opportunity to file a sur-reply to Plaintiff's reply, due one week from the entry of this order. The Court does not anticipate the need for another brief from Plaintiff, but if it feels one is needed, it may seek leave to file one.

      The portion of the motion for summary judgment dealing with the amount due from Defendant is therefore **continued** for one week. The Court will issue its ruling by mail.

### IV. CONCLUSION

For the above reasons, the motion for summary judgment is **granted** as to entry of an order of foreclosure and sale and appointment of the appointment of the Judicial Sales Corporation as Special Commissioner to conduct the sale of the property commonly known as 2175 East New York Street, Aurora, Illinois. The motion for summary judgment as to the amount due and owing by Defendants is **continued**.