# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 5393 | **DATE** | 7/12/2012 |
| **CASE TITLE** | PNC Bank, N.A. vs. Sledz et al. | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, summary judgment as to the remaining amount due on the loan is denied. Status hearing set for 8/22/2012 at 9:00 a.m.

■[ For further details see text below.]   Docketing to mail notices.

# STATEMENT

Before the Court is Plaintiff's motion for summary judgment in this mortgage foreclosure action. For the following reasons, the motion is denied.

## I. INTRODUCTION

Daniel Sledz signed a promissory note for a $1,680,555.49 loan from National City Bank ("National City") on September 1, 2008. This note and the subsequent repayment schedule was a continuation of a pre-existing balloon payment loan that had come due. Instead of making that balloon payment, Sledz arranged to restructure the debt payments under a new loan. Under the new loan, principle and interest payments were due on the first of every month, beginning October 1, 2008, until a new balloon payment came due on September 1, 2009. As security for the loan, Sledz pledged his home in Aurora, Illinois. (The pledge was technically made by Defendant Chicago Title Land Trust Company ("Chicago Title"), which succeeded Cole Taylor Bank as trustee of the land trust holding the property. Sledz is the beneficiary of this trust.) Sledz was unable to make the balloon payment when it came due and the bank, rather than foreclose, accepted interest-only payments. Eventually, Sledz stopped making even these payments and the bank filed for foreclosure.

The Court ruled on liability on May 11, 2012, granting summary judgment for Plaintiff PNC Bank, N.A. ("PNC"), the successor to National City. The Court continued the issue of how much remains due on the Note ("Note") until Defendants had an opportunity to file a sur-reply to a supplemental affidavit Plaintiff filed in its reply.

## II. LEGAL STANDARD

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The burden of

showing the needlessness of trial is on the movant, but the Court must consider all reasonable inference in the light most favorable to the nonmoving party. *Pouls v. Vill. Of Pleasant Prairie*, 10-C-394, 2012 U.S. Dist. LEXIS 37412, at *3 (E.D. Wis. Mar. 20, 2012) (citing *Matsushita Elec. Indus. Co., Ltd. V. Zenith Radio Corp., Ltd.*, 475 U.S. 574, 587 (1986). However, where the nonmovant is the party with the ultimate burden of proof at trial, that party retains its burden of producing evidence that would support a reasonable jury verdict. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242 (1986).

### III. <u>ANALYSIS</u>

In their response to summary judgment, the Defendants take issue with the Plaintiff's calculation of the amount due remaining under the Note. The Plaintiff contends that the amounts due and owing on the Note, as of July 15, 2011, are as follows: $1,568,518.45 (principal), $71,073.49 (interest), and $88,592.79 (late charges), for a total owed of $1,728,184.73.

The Defendants disagree with Plaintiff's calculation of the amount due on the promissory note, arguing that in September 2009 a series of payments were incorrectly applied to the debt at issue in this Note. Specifically, the Defendanst contend that on September 25, 2008 three payments were entered on the Note of $15,661.85 ("First Payment"), $14,004.63 ("Second Payment"), and $30,671.48 ("Third Payment"), and that they were misapplied to the debt owed on the Note.

According to Plaintiff, the Third Payment was completely and wholly a loan disbursement fee in consideration for Plaintiff issuing the new loan. No portion of the $30,671.48 was intended to be applied to principle or interest of the loan. Defendants submitted a document entitled "Loan Settlement Statement" that is signed by both Sledz and National City Bank. It reads:

> In connection with the above referenced transaction, NATIONAL CITY BANK has incurred or will incur the following expenses:
> $1,000 AFS Closing Fee
> $5.00 Flood Determination
> $21,707.18: Payment due 10/1/08
> $7,959.30 Interest due thru 9/1/08
> TOTAL: $30,671.48

Defs.' Resp., Ex. B. Defendants say the plain language of "payment due 10/1/08" indicates that at least some of this $30,671.48 was supposed to be applied to the principle of the loan. Plaintiff is equally adamant that the language of "following expenses" makes it plain the entire $30,671.48 was strictly a fee given in exchange for granting the loan, and no portion of it was intended to be applied to principle or interest.

The issue is key, because if the application of this payment was faulty, all the resulting calculations of principle and interest are incorrect.

The Court believes this document is ambiguous. While the reference to "expenses" does suggest what follows will be a fee for granting the loan, the itemization of elements as "interest due thru 9/1/08" and "payment due 10/1/08" suggest that portions of that amount were intended to be applied as an interest payment and/or a principle payment. The ambiguity of this document creates an issue of material fact preventing summary judgment on the issue of the amount due on the loan.

Even if the issue regarding the application of the $30,671.48 were clear, the Court would still be forced to deny summary judgment. Plaintiff submitted a loan payment spreadsheet that indicated, in some

| STATEMENT |
|---|

instances, overpayments made by Sledz were carried over to be credited against interest payments that would subsequently become due. As Defendants point out, this is contrary to the loan agreement, which states that "payments will be applied first to any accrued unpaid interest; then to principal." Defs.' Ex. A, at 1. The loan agreement also explicitly provides for early payments. "[E]arly payments will reduce the principal balance due and may result in Borrower's making fewer payments." Id. Defendants argue this misapplication of payments also affects the amount due and owing on the Note and creates an issue of material fact. The Court agrees.

Absent determinative information from either party regarding the correct amount due on the Note, the Court is unable to summarily decide upon an appropriate number and grant summary judgment.

### IV. Conclusion

For the above reasons, the motion for summary judgment is **denied** as to the Plaintiff's calculation of the amount due and owing by the Defendants on the Note.